<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD LEE,<br><br>                  Petitioner,<br><br>         v.<br><br>DAVID E. ORTIZ,<br><br>                  Respondent. | Civil Action No. 21-4049 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

       This matter comes before the Court on Petitioner Edward Lee's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition. (ECF No. 4.) Petitioner did not reply. By way of background, in his habeas petition, Petitioner sought to challenge the length of his placement in a residential re-entry facility during the final months of his sentence. (ECF No. 1 at 10-11.) Essentially, Petitioner argued that he felt that he was entitled to spend a longer portion of the last few months of his sentence in such a facility, while the Bureau of Prisons ("BOP") determined he should be so placed only for the last thirty-three days of his prison term. (*Id.*) Petitioner's habeas petition thus challenged only the way in which his prison term was being carried out – i.e., whether he spent his final months in prison or in the re-entry facility.

       After briefing of this matter was completed, on November 23, 2021, the Government filed a letter in this matter in which they inform the Court that Petitioner was released from BOP custody on November 19, 2021. (ECF No. 6.) The Government also provided documents clearly

indicating that Petitioner was, in fact, released. (ECF No. 6 at 4-5.) As Petitioner is no longer in the custody of the BOP, and his petition sought only to challenge the way in which the BOP was carrying out his prison term, the Government argues that this matter should be dismissed as moot.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).

In this matter, Petitioner sought only to challenge the decision of the BOP as to the length of the portion of his prison sentence he would serve in a re-entry facility. As he has now been released from BOP custody, there is no longer any additional portion of his sentence which he could serve in such a facility, and Petitioner no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Petitioner with any meaningful relief in this habeas matter, and Petitioner's challenge is therefore moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's habeas petition shall therefore be dismissed. An appropriate order to that effect shall therefore be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge

2